UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-2265-B |
| ELIZABETH MCKINNEY, TISHA DIANTE, and TERESA MORRIS, | § § § § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is the Plaintiff Sun Life Assurance Company of Canada ("Sun Life")'s Motion for Substituted Service (Doc. 20). Sun Life seeks to serve Defendant Elizabeth McKinney by means of publication, as authorized by Rule 109 of the Texas Rules of Civil Procedure. For the reasons discussed below, the Motion is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

This is a case about life insurance proceeds. On September 22, 2021, Plaintiff Sun Life, an insurance company, filed a complaint for interpleader seeking to avoid "double or multiple liability" arising from its obligation to pay benefits under one of its life insurance policies. Doc. 1, Compl., ¶¶ 7, 13. Relevant to the instant motion is that Sun Life claims Defendants Elizabeth McKinney, Tisha Diante, and Teresa Morris each have adverse claims to the policy benefits and that Sun Life has reasonable doubt as to which party is entitled to the benefits. *Id.* ¶¶ 9–13. To date, Sun Life has

- 1 -

served Diante and Morris, but has yet to serve McKinney. *See* Doc. 9, Executed Summons (Diante); Doc. 12, Exec. Summons (Morris).

On January 11, 2022, Sun Life moved the Court to serve McKinney by substituted service, attaching to its motion the affidavit of its process server, Donna Jo King. Doc. 13, Mot. Sub. Serv.[1]; Doc. 13-1, King Aff. In her affidavit, King states that she was instructed to deliver "a Summons and Complaint for Interpleader . . . to Elizabeth McKinney at 414 Meadow Lark[,] Duncanville, TX 75137." Doc. 13-1, King Aff., 1. King attempted service at this address but found that the house on the property was vacant and being sold. *Id.* She then located another address for McKinney at 2976 Eric Lane, Farmers Branch, TX 75234, which she avers was confirmed by Dallas Central Appraisal District records. *Id.* King recounts attempting service at the Eric Lane address on four separate occasions, but each time no one answered the front door. *Id.*

Based on King's affidavit, the Court granted Sun Life's motion to serve McKinney by posting the required documents to the front door of the Eric Lane address. *See* Doc. 14, Order. Additionally, the Court granted Sun Life an extension of time to serve McKinney, ordering that service be effectuated by January 26, 2021. *Id.*

On January 19, 2021, Sun Life filed the instant motion seeking to serve McKinney by publication pursuant to Texas Rule of Civil Procedure 109, again attaching King's affidavit. Doc. 20, Mot.; Doc. 20-1, King Aff., 4. In its motion, Sun Life avers that it attempted to serve McKinney by posting pursuant to the Court's Order, but that it was informed by the resident at the Eric Lane address "that she was not the 'Elizabeth McKinney' identified in the [c]omplaint." Doc. 20, Mot., ¶ 2. Additionally, Sun Life states that Defendant Diante is unaware of McKinney's location and that

---

[1] To avoid confusion, the Court cites to Sun Life's first motion for substituted service as "Mot. Sub. Serv." and its pending motion for substituted service as "Mot."

the above referenced "attempts at service follow[ed] Sun Life and its counsel's own extensive efforts to contact [McKinney] prior to and after filing its Complaint for Interpleader." *Id.* For these reasons, Sun Life contends that service by publication is warranted. *Id.* ¶¶ 6–7. The Court reviews Sun Life's motion below.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize serving an individual in accordance with state law. Fed. R. Civ. P. 4(e)(1). Rule 109 of the Texas Rules of Civil Procedure provides for citation by publication as follows:

> When a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant . . . , the clerk shall issue citation for such defendant for service by publication. In such cases it shall be the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant . . . before granting any judgment on such service.

Tex. R. Civ. P. 109.

Courts have noted that "[s]ervice by publication is the method of notice which is least calculated to bring to the potential defendant's attention the pendency of a judicial action." *In re Marriage of Peace*, 631 S.W.2d 790, 794 (Tex. App.—Amarillo 1982, no writ). Thus, "[t]he trial court . . . has a mandatory duty to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant." *Id.* at 792 (citing *Wilson v. Rogers*, 343 S.W.2d 309, 323 (Tex. Civ. App.–Houston 1961, writ ref'd n.r.e.)); *see* Tex. R. Civ. P. 109; *Manley v. Parsons*, 112 S.W.3d 335, 338 (Tex. App.–Corpus Christi 2003, pet. denied). The burden is on

the moving party "to prove a reasonably diligent search was made to locate or effectively serve" the defendant. *Wilmington Tr. Co. v. Pruitt*, 2015 U.S. Dist. LEXIS 166077, at *4 (N.D. Tex. Dec. 11, 2015) (citing *Robb v. Horizon Cmtys. Improvement Ass'n, Inc.*, 417 S.W.3d 585, 591 (Tex. App.—El Paso 2013)). A "diligent search" includes making "inquiries that someone who really wants to find the defendant would make, and diligence is measured not by the quantity of the search but by its quality." *In re E.R.*, 385 S.W.3d 552, 565 (Tex. 2012).

## III.

## ANALYSIS

As a threshold matter, the Court notes that its inquiry into reasonable diligence under Texas Rule of Civil Procedure 109 is focused on the content of *affidavits*. *See* Tex. R. Civ. P. 109; *White v. Kaufman Cnty.*, 2009 WL 1383365, at *1 (N.D. Tex. May 14, 2009) ("While some of these topics are mentioned in the body of the motion, they are not included in an affidavit as required by the rule . . . ."); *Richardson v. Univ. of Tex. Sys.*, 2019 WL 2329322, at *6 (W.D. Tex. May 31, 2019) (noting the plaintiff's failure to "provide[] the affidavit required by the Texas rules"). Here, the only affidavit provided in support of Sun Life's motion is King's. *See* Doc. 20-1, King Aff.; Doc. 20, Mot. And the only efforts to locate McKinney described in the King affidavit were King's. *See* Doc. 20-1, King Aff., 1. Thus, the remainder of Sun Life's efforts—described in the body of its motion—are "not included in an affidavit as required by [Texas Rule 109.]" *White*, 2009 WL 1383365, at *1; *see* Doc. 20, Mot., ¶ 2. But irrespective of the form in which they are before the Court, the Court is not persuaded that Sun Life's efforts, as described, are sufficient to justify service by publication.

From King's affidavit and the body of Sun Life's motion, the Court draws three facts or allegations evidencing Sun Life's efforts to locate McKinney: (1) the "confirmation" of McKinney's

location at the Eric Lane address by Dallas Central Appraisal District records described in King's affidavit; (2) the inquiry with Diante implied by Sun Life's contention in its motion that Diante is unaware of McKinney's location; and (3) Sun Life's global statement in its motion that it and its counsel made other "extensive efforts to contact McKinney." *See* Doc. 20-1, King Aff., 1; Doc. 20, Mot., ¶ 2. As explained below, the Court finds none of these sufficient to prove that Sun Life has made a reasonably diligent search for McKinney.

First, the Court finds that King's statement in her affidavit that the Eric Lane address "was confirmed by the Dallas Central Appraisal District" is not sufficient alone to prove a reasonably diligent search. Doc. 20-1, King Aff. While searching appraisal district records is some evidence of reasonable diligence, *see e.g.*, *Wells Fargo Bank, N.A. v. Elliot*, 2019 WL 1208998, at *1 (W.D. Tex. Mar. 14, 2019), these searches are inherently limited because a successful search requires that the defendant own property in the county covered by the database. For this reason, the Court is reluctant to conclude that "someone who really wants to find" McKinney would rely exclusively on Dallas County Appraisal District records. *See In re E.R.*, 385 S.W.3d at 565. Moreover, Sun Life's appraisal records search led it to the Eric Lane address, where the resident claims to be the wrong "Elizabeth McKinney." Doc. 20, Mot., ¶ 2. Without some evidence that Sun Life attempted to locate McKinney after determining that the Eric Lane address was incorrect, the Court cannot conclude that a single search of the Dallas Central Appraisal District's records is sufficient to constitute reasonable diligence. *See In re E.R.*, 385 S.W.3d at 565 ("[D]iligence is measured not by the quantity of the search by its quality."); *Pruitt*, 2015 U.S. Dist. LEXIS 166077, at *4–5 ("Although[] quantity is not a factor to be considered, the quality of this single attempt has not eliminated other types of service or means to locate [the defendants].").

Second, the Court rejects that Sun Life's implied inquiry with Diante as to McKinney's whereabouts—even when combined with its appraisal records search—is sufficient to constitute a reasonably diligent search. There is nothing in the record explaining the relationship between Diante and McKinney or explaining why Diante would be a credible source of information as to McKinney's location. And Sun Life's complaint for interpleader is clear that the very basis for this suit is that Diante and McKinney have conflicting claims to life insurance policy benefits. *See* Doc. 1, Compl., ¶¶ 9–13 ; Doc. 20, Mot., 2 ("As set forth in the Complaint for Interpleaders, Elizabeth, Tisha and Teresa have adverse claims to the Plan Benefits."). Thus, even if properly presented in an affidavit, the Court is unconvinced that "someone who really wants to find" McKinney would rely on information provided by Diante. *See In re E.R.*, 385 S.W.3d at 565.

Finally, Sun Life's statement that it and its counsel have made "extensive efforts to contact [McKinney]"—even if properly presented in an affidavit—fails to provide enough detail for the Court to conclude that Sun Life's search was reasonably diligent. *See Longoria v. Exxon Mobil Corp.*, 2016 WL 4013793, at *8 (Tex. App.—San Antonio, July 27, 2016, pet. denied) ("Substituted service may not properly issue on a motion supported by an affidavit that is conclusory or otherwise insufficient."); *see also Beach, Bait & Tackle, Inc., Store No. 2 v. Holt*, 693 S.W.2d 684, 686 (Tex. App.—Houston [14th Dist.] 1985, no writ) ("Mere statements of conclusion made by an officer that service was impractical is not sufficient to sustain the granting of substituted service.").

In sum, the Court finds that Sun Life has failed to show that service by publication under Texas Rule of Civil Procedure 109 is appropriate. While the Court does not discount Sun Life's attempts to serve McKinney at incorrect addresses, Sun Life has failed to offer a sufficiently detailed explanation—by affidavit—of its diligent efforts to locate McKinney.

IV.

CONCLUSION

For the reasons set forth above, Sun Life's Motion for Substituted Service (Doc. 20) is **DENIED WITHOUT PREJUDICE**. By denying the motion without prejudice, the Court grants Sun Life until **Thursday, February 3, 2022,** to file an amended motion addressing the deficiencies identified in this Order. Further, the Court **ORDERS** that Sun Life's deadline to serve McKinney be extended to **Thursday, February 3, 2022,** so that Sun Life may continue to attempt to serve McKinney in the interim.

Failure to file an amended motion or serve McKinney by the deadlines set in this Order may result in dismissal of McKinney from this case without further notice.

**SO ORDERED**.

SIGNED: January 27, 2022.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE