UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-2265-B |
| ELIZABETH MCKINNEY, TISHA DIANTE, and TERESA MORRIS, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Sun Life Assurance Company of Canada ("Sun Life")'s Motions for Default Judgment against Teresa Morris (Doc. 18) and Elizabeth McKinney (Doc. 28). Finding the motions procedurally and substantively warranted, the Court **GRANTS** the motions.

I.

BACKGROUND

This interpleader action concerns the proceeds of a life insurance policy (the "Policy") issued by Sun Life to Enrique Lopez ("Enrique") as a benefit of his employment. *See* Doc. 1, Compl., ¶¶ 7–8. Under the Policy, Lopez received a total of $319,000 in life insurance benefits. *Id.* ¶ 8. In March 2005, Enrique named the following individuals as beneficiaries on the Policy: Defendant Elizabeth McKinney ("McKinney"); Defendant Teresa Morris ("Morris"); Defendant Tisha Diante ("Diante"); and Jesus Lopez ("Jesus"). *Id.* ¶ 9. Under the original beneficiary designation, the benefits were to be paid as follows: 60% to McKinney, 20% to Diante; 10% to Morris; and 10% to Jesus. *Id.* ¶ 9. Sometime after his original designation, Enrique attempted to change his beneficiary designations

but was unsuccessful because his proposed changes did not properly account for 100% of the Plan Benefits. *Id.* ¶ 10.

Enrique passed away on July 28, 2020, leaving the $319,000 death benefit from the Policy behind. *Id.* ¶ 12. Notwithstanding Enrique's beneficiary designations, Diante has claimed entitlement to the entirety of insurance proceeds based on a July 13, 2020, video recording wherein Enrique "stat[ed] that he wanted [Diante] to be his 'sole recipient' and executor of his will." *Id.* ¶ 11. Sun Life, having doubt as to who should be paid benefits under the Policy, filed its Complaint for Interpleader in this Court against Diante, Morris, and McKinney on September 22, 2021.[1] *See generally* Doc. 1, Compl. Shortly thereafter, the Court granted Sun Life's motion to deposit the death-benefit sum of $319,000 into the Court's registry. Doc. 19, Order.

As of today, all three defendants have been served,[2] but only Diante has filed an answer or otherwise appeared. *See* Doc. 9, Diante Return Serv.; Doc. 12, Morris Return Serv.; Doc. 25, McKinney Return Serv.; Doc. 10, Diante's Answer. As a result of Morris and McKinney's respective failures to answer, Sun Life moved for entry of default and default judgment against each. Doc. 15, Mot. Entry Default (Morris); Doc. 18, Mot. Default J. (Morris); Doc. 26, Mot. Entry Default (McKinney); Doc. 28, Mot. Default J. (McKinney). The Clerk entered default against Morris on January 13, 2022, and against McKinney on March 28, 2022. Doc. 16, Entry Default (Morris); Doc. 27, Entry Default (McKinney). Morris and McKinney have each failed to respond to Sun Life's

---

[1] Sun Life alleges that Jesus passed away without a will on March 17, 2021, and that Jesus's heirs have not yet been located. Doc. 1, Compl., ¶ 12 n.1.

[2] Diante and Morris were personally served. *See* Doc. 9, Diante Return Serv.; Doc. 12, Morris Return Serv. McKinney was served by publication under Texas Rule of Civil Procedure 116 with the Court's authorization. *See* Doc. 23, Order (authorizing service on McKinney by publication); Doc. 25, McKinney Return Serv.

respective motions against them and their time to do so has passed. Accordingly, the Court now considers the motions for default judgment.

## II.

## LEGAL STANDARDS

*A.   Default Judgment*

Federal Rule of Civil Procedure 55 provides for the entry of default judgments in federal court. According to Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the Court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b).

That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: IFUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis. *See, e.g., id.* at 384. First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include: (1) "whether material issues of fact" exist; (2) "whether there has been substantial prejudice"; (3) "whether the grounds for default are clearly

established"; (4) "whether the default was caused by good faith mistake or excusable neglect"; (5) "the harshness of a default judgment"; and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). In doing so, the Court is to assume that due to its default, defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* (emphasis omitted).

Third, courts determine what form of relief, if any, the plaintiffs should receive. *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the [c]omplaint concerning the defendant's liability, but not damages." (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002); *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987))). Normally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).[3]

---

[3] Because Sun Life does not seek monetary damages, a separate damages hearing is unnecessary.

B.       *Statutory Interpleader*

"An interpleader action allows the stakeholder to pay the money in dispute into court, withdraw from the proceedings, and leave the claimants to litigate between themselves their entitlement to the funds." *Ekholm v. T.D. Ameritrade, Inc.*, 2013 WL 4223128, at *2 (N.D. Tex. Aug. 14, 2013) (citation omitted). "Statutory interpleader is proper when a (1) stakeholder has a single fund worth at least $500; (2) where two or more adverse claimants with diverse citizenship are competing for that fund; and (3) the stakeholder has deposited the fund in the Court's registry." *Fresh Am. Corp. v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 411, 414 (N.D. Tex. 2005) (footnote omitted) (citing 28 U.S.C. § 1335(a)). In determining whether the interpleader requirements are satisfied, the Court must first determine "if there is a single fund at issue and whether there are adverse claimants to that fund." *Wells Fargo Bank, N.A. v. Lane Grp., LLC*, 2019 WL 1099992, at *2 (N.D. Tex. Feb. 13, 2019) (citing *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999)), *report & recommendation adopted by* 2019 WL 1099547 (N.D. Tex. Mar. 8, 2019). If these requirements are met, the Court then "determines the rights of the claimants." *Id.* (citing *Rhoades*, 196 F.3d at 600).

## III.

## ANALYSIS

Applying the default-judgment analysis, the Court concludes that Sun Life's requested default judgments are procedurally and substantively warranted.

A.       *The Default Judgments are Procedurally Warranted*

After reviewing Sun Life's motion in light of the six *Lindsey* factors, the Court determines that the requested default judgments are procedurally warranted. First, neither Morris nor McKinney have filed any responsive pleadings. Consequently, there are no material facts in dispute. *Lindsey*, 161

F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact[.]"). Second, Morris and McKinney's respective "failure[s] to respond threaten[] to bring the adversary process to a halt, effectively prejudicing [Sun Life's] interest." *See Ins. Co. of the W.*, 2011 WL 4738197, at *3 (citing *Lindsey*, 161 F.3d at 893). Third, the grounds for default are "clearly established," as Morris and McKinney have each failed to respond to the complaint for interpleader, the entry of default against them, and the instant motions for default judgment. *See J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) ("Default judgment is appropriate if [the] defendants are 'totally unresponsive' and the failure to respond is 'plainly willful, as reflected by the parties' failure to respond either to the summons and complaint, the entry of default, or the motion[s] for default judgment.'" (citation omitted)). Fourth, there is no evidence before the Court to indicate that Morris and McKinney's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Morris and McKinney's "complete failure to respond to [Sun Life's] Complaint or otherwise appear . . . 'mitigat[es] the harshness of a default judgment.'" *See COG Marketers, Ltd. v. Bohr*, 2021 WL 3721459, at *2 (N.D. Tex. July 6, 2021) (quoting *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013)). Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the defaults if challenged by Morris or McKinney. *See Lindsey*, 161 F.3d at 893. Therefore, the Court concludes that default judgment is procedurally warranted.

B.  *There is a Sufficient Basis in the Pleadings for the Default Judgments*

Next, the Court finds there is a sufficient basis in the pleadings for the default judgment because Sun Life has established each requirement for interpleader. First, Sun Life, as stakeholder,

holds a single fund worth over $500. *See* Doc. 1, Compl., ¶¶ 5, 8, 13. Second, there are at least two adverse claimants of diverse citizenship[4] claiming an interest in the fund: McKinney is a citizen of Texas, while Morris and Diante are citizens of Colorado. *Id.* ¶¶ 2–4. Third, Sun Life deposited the funds at issue into the Court's registry. *See* Doc. 19, Order (authorizing the deposit of funds into the Court's registry). Thus, because Sun Life has satisfied the requirements for interpleader, the Court discharges Sun Life from liability to Morris and McKinney. *See Berry v. Banner Life Ins. Co.*, 718 F. App'x 259, 263 (5th Cir. 2018) ("Once a district court concludes that the requirements for interpleader have been met, it may discharge the plaintiff-stakeholder if the stakeholder is a disinterested party willing to tender the disputed funds." (citation omitted)).

## IV.

## CONCLUSION

For the reasons stated above, Sun Life's Motions for Default Judgment against Morris (Doc. 18) and McKinney (Doc. 28) are **GRANTED**, and the Court **ORDERS** the following:

- Any and all claims, demands, debts, or causes of action that Morris or McKinney could have asserted against Sun Life or its agents with regard to Policy No. 917952 (the "Group Policy") issued to Enrique Lopez or the insurance benefits due thereunder (the "Plan Benefits") are **DISMISSED WITH PREJUDICE**.

- Morris and McKinney are enjoined and restrained from instituting or prosecuting any proceeding in any state or United States court regarding the Group Policy or Plan Benefits.

- Sun Life is fully and finally discharged of any further obligation to Morris and McKinney

---

[4] Section 1335 requires only minimal diversity—that is, § 1335 is satisfied so long as two adverse parties are diverse notwithstanding the fact that other parties may be nondiverse. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967); *Auto Parts Mfg. Miss., Inc. v. King Constr. of Hous., L.L.C.*, 782 F.3d 186, 193 (5th Cir. 2015).

arising from the Group Policy or Plan Benefits.

- Morris and McKinney shall take nothing herein.


**SO ORDERED.**

**SIGNED: April 14, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE